UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| WARM BROTHERS, INC<br>a Washington Corporation,<br><br>Plaintiff,<br><br>v.<br><br>NORTH EAST HARDWOOD FLOORING, Inc., et.al<br><br>Defendants<br>. | **Hon. Ronald B. Leighton**<br><br>Case No. 3: 09-cv-05223—RBL<br><br>**CORRECTED ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT NORTH EAST HARDWOOD FLOORING, INC.** |

The Court has considered the evidence and points and authorities presented in Plaintiff's Motion for Default Judgment Against Defendant North East Hardwood Flooring, Inc. ("North East") ("Plaintiff's Motion"), as well as the Complaint and the documents on file herein leading to the entry of North East's default, Dkt # 9, August 12, 2009. Based thereon, the Court, pursuant to F.R.Civ.P. 55(b)(2), grants Plaintiff's Motion, and finds, determines and orders as follows:

[PROPOSED] ORDSER GRANTING      Law Office of Richard L. Goff
DEFAULT JUDGMENT MOTION 1        1000 Second Av. Ste. 3310
                                                           Seattle WA 98104
                                                           Tel. (206)-755-1641

1.      Plaintiff Warm Brothers, Inc. ("Warm Brothers") is the owner of United States Patent No. 6,533,185 ("the '185 Patent") which was duly issued March 18, 2003 by the United States Patent and Trademark Office.  By law, the '185 Patent is presumed valid (35 U.S.C. § 282); and no challenge to its validity or enforceability has been made in this litigation.

2.      In this action, the default of North East was properly entered August 12, 2009 (Docket # 9) pursuant to F.R.Civ.P. 55(a)  based on North East's failure to answer or defend, as described in Warm Brothers' counsel's Declaration and Request for Entry of Default (Docket # 6, see also Docket # 7, Affidavit of Service).  North East has not appeared in this action at any time.

3.      In the allegations of its complaint and in its Motion for Default Judgment, Warm Brothers has made a prima facie showing of facts sufficient to show that in this action this Court has personal jurisdiction over North East (a New York Corporation) comporting with constitutional due process and thus also with Washington's "long arm" statute, RCW 4.28.185, based on the relationship of  Warm Brothers' patent infringement claim against North East to North East minimum contacts with this District.

4.      Defendant North East  has been infringing and continues to infringe the '185 Patent - specifically Claims 1, 2, 3 and 15 of said Patent, by making, selling, offering to sell and using, in the United States, various radiant heating panels currently under the name Sunboard or other names including the word "Sunboard."   Such products are herein collectively called "Sunboard panels."

5.     A permanent injunction against further infringement of the '185 patent is warranted, and the Court has determined to grant the same in a separate Order of Permanent Injunction Against Defendant North East Hardwood Flooring, Inc. entered and filed contemporaneously

[PROPOSED] ORDSER GRANTING           Law Office of Richard L. Goff
DEFAULT JUDGMENT MOTION 2                  1000 Second Av. Ste. 3310
                                                                         Seattle WA 98104
                                                                         Tel. (206)-755-1641

herewith. That Order sets forth the terms of and reasons for issuance of the Permanent Injunction.

6. Based on the facts alleged in Plaintiff's complaint and set forth in Plaintiff's Motion and supporting evidence, Warm Brothers is also entitled to recover from North East damages for past infringement of the '185 Patent. For purposes of its Motion for Default Judgment, Plaintiff has elected to limit its claim for such damages to a reasonable royalty calculated as a dollar amount per quantity of Sunboard panels sold by North East since November 4, 2008, the date North East was notified of the infringement. Plaintiff contends that at minimum this royalty should be $0.30 per square foot. Based on the evidence submitted in Plaintiff's Motion, the Court finds that this amount represents no less than a reasonable royalty for North East's use of the invention. Therefore, Warm Brothers is entitled to recover from North East damages in the amount of $0.30 per square foot of all Sunboard panels sold by North East from November 4, 2008 up to the date that North East ceases sale of such panels.

7. Pursuant to F.R.Civ.P 55(b)(2)(A) the Court needs to and will conduct an accounting to determine the total amount to be awarded to Warm Brothers in accordance with the finding stated in paragraph 5 above. Therefore, **it is ordered,** that within 30 days from service of this Order on North East, defendant North East shall file with this court, and serve on counsel for plaintiff Warm Brothers, a report which provides documentation of all of North East's sales of Sunboard panels since November 4, 2008, sufficient to show, for each sale, at least the date and number of square feet of panels thereby sold. Thereafter, the Court will determine the total amount of damages to be recovered by Warm Brothers from North East, and will enter judgment accordingly.

8. Warm Brothers is also entitled to recover from North East Warm Brothers' costs of suit, in the amount of $525.00.

[PROPOSED] ORDSER GRANTING
DEFAULT JUDGMENT MOTION 3

Law Office of Richard L. Goff
1000 Second Av. Ste. 3310
Seattle WA 98104
Tel. (206)-755-1641

DATED: This 10TH day of November, 2009

_Ronald B. Leighton_
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDSER GRANTING  
DEFAULT JUDGMENT MOTION 4

Law Office of Richard L. Goff  
1000 Second Av. Ste. 3310  
Seattle WA 98104  
Tel. (206)-755-1641