UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| WARM BROTHERS, INC<br>    a Washington Corporation,<br><br>                                    Plaintiff,<br><br>    v.<br><br>NORTH EAST HARDWOOD FLOORING, Inc.,<br>dba NORTH EAST RADIANT TECHNOLOGIES<br>. | Hon. Ronald B. Leighton<br><br>Case No.  03:09-cv-05223-RBL.<br><br>**ORDER OF PERMANENT INJUNCTION AGAINST DEFENDANT NORTH EAST HARDWOOD FLOORING, INC.** |

The Court has considered the evidence and points and authorities presented in Plaintiff's Motion for Default Judgment Against Defendant North East Hardwood Flooring, Inc. ("North East), as well as the Complaint and the documents on file herein leading to the entry of North East's default, Dkt # 9, August 12, 2009.  Based thereon, and based also on this Court's Order Granting Motion for Default Judgment Against Defendant North East Hardwood Flooring, Inc. contemporaneously filed herein, the Court finds, determines and orders as follows:

ORDER OF PERMANENT
INJUNCTION 1
                                        Law Office of Richard L. Goff
                                        1000 Second Av. Ste. 3310
                                        Seattle WA 98104
                                        Tel. (206)-838-1974

1. Plaintiff Warm Brothers, Inc. ("Warm Brothers") is the owner of United States Patent No. 6,533,185 ("the '185 Patent") which was duly issued March 18, 2003 by the United States Patent and Trademark Office. By law, the '185 Patent is presumed valid (35 U.S.C. § 282); and no challenge to its validity or enforceability has been made in this litigation.

2. Defendant North East Harwood Flooring Inc., dba North East Radiant Technology, Inc., has been infringing and continues to infringe the '185 Patent - specifically Claims 1, 2, 3 and 15 of said Patent, by making, selling, offering to sell and using, in the United States, various radiant heating panels currently under the name Sunboard or other names including the word "Sunboard." Such products are herein collectively called "Sunboard radiant heating products."

3. In this action, the default of North East was entered August 12, 2009 (Docket # 9) based on North East's failure to answer or defend, as described in Warm Brothers' counsel's Declaration and Request for Entry of Default (Docket # 6, see also Docket # 7, Affidavit of Service). North East has not appeared in this action at any time.

4 A permanent injunction against further infringement of the '185 patent is warranted and should be granted, based on the facts and matters stated and referred to above and because Warm Brothers motion demonstrates, and the Curt finds, the following:

    (a) North East's infringement is causing, and absent an injunction likely will continue to cause, Warm Brothers to suffer irreparable injury including diversion and loss of sales, profits and license royalty revenues, loss of potential sales opportunities and market growth, harm to business reputation, licensing relationships and good will, and erosion of strength and practical enforceability of its patent rights.

    (b) There are no remedies at law adequate to compensate for the above injuries. For the most part, calculation of damages adequate to compensate for such injuries

Law Office of Richard L. Goff
1000 Second Av. Ste. 3310
Seattle WA 98104
Tel. (206)-838-1974

would be extremely difficult; collectability of any such damages is uncertain; and a multiplicity of lawsuits would likely be necessary in order to seek any such damages.

(c) The balance of hardships, and other equitable considerations, weigh in favor of a permanent injunction. An injunction is needed to protect Warm Brothers from the injuries that otherwise would be caused by further infringement; North East has continued that infringement after receiving notice of the '185 patent and its asserted infringement, and after it was served with this lawsuit in April, 2009; and the only apparent detriment of an injunction to North East would be that which is inseparable from being required to cease its infringement of Warm Brothers' patent rights.

(d) The public interest would not be disserved by a permanent injunction. An injunction will serve the public interest in protecting the rights of patent holders. There will be no significant hardship to purchasers and users of the types of products which are the subject of the Patent; they will continue to have access to other vendors of products covered by the Patent as well as to competing products.

5. **It is therefore ordered** that defendant North East Hardwood Flooring, Inc, (including said corporation doing business as North East Radiant Technologies or any other name), its officers, agents, servants employees and attorneys, and any persons who are in active concert or participation with any of them, are hereby **enjoined,** for the life of the '185 patent, i.e., until November 30, 2019, from making, using, selling or offering to sell, within the United States, or importing into the United States, any Sunboard radiant heating product or any other product not colorably different from a Sunboard radiant heating product. For purposes of this

injunction, the term "Sunboard radiant heating product" means any radiant heating product, however named in the future, that heretofore has been, or currently is, made, used, sold or offered for sale under the name "Sunboard" by defendant North East or by any other person hereby enjoined.

DATED: This 9th day of November, 2009

*Ronald B. Leighton*
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER OF PERMANENT
INJUNCTION 4